IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **NESANET G. BELAY,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 1:17-cv-00545-LY |
| § | |
| **AEGIS WHOLESALE** § | |
| **CORPORATION, AURORA LOAN** § | |
| **SERVICES, LLC, NATIONSTAR** § | |
| **MORTGAGE LLC, MORTGAGE** § | |
| **ELECTRONIC REGISTRATION** § | |
| **SYSTEMS, INC., VERIPRISE** § | |
| **PROCESSING SOLUTION, LLC,** § | |
| § | |
| Defendants. § | |

## RESPONSE TO MOTION TO DISMISS FOR LACK OF JURISDICTION

Aurora Loan Services, LLC, Nationstar Mortgage LLC, Mortgage Electronic Registration Systems, Inc., and Veriprise Processing Solution, LLC (collectively **defendants**) file this response to plaintiff Nesanet Belay's motion to dismiss for lack of jurisdiction (dkt. 16), and respectfully show the court as follows.

### I.  SUMMARY OF THE ARGUMENT

Belay argues "this Court does not have jurisdiction over the parties nor the subject matter."  She further claims the court does not have jurisdiction to consider her "constitutional question of law."  Belay's argument is without merit, and her motion fails to establish the court does not have personal or subject matter jurisdiction.  The court should deny Belay's motion to dismiss.

## II. ARGUMENT & AUTHORITIES

### A. Rule 12(b)(2) and 12(b)(1) standard.

The purpose of a rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is to seek a dismissal of the lawsuit because the court lacks the authority to hear the dispute. *See Matassarin v. Grosvenor*, SA-13-CA-913-RP, 2015 WL 12734756, at *5 (W.D. Tex. May 15, 2015), *report and recommendation adopted*, 5:13-CV-913-RP, 2015 WL 12734758 (W.D. Tex. July 24, 2015). A rule 12(b)(1) motion is based on the argument the court does not have federal-question jurisdiction, diversity jurisdiction, or supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1332, and 1441.

A rule 12(b)(2) motion to dismiss for lack of personal jurisdiction challenges the court's jurisdiction over the defendant's person or property. A rule 12(b)(2) motion is based on the argument the nonresident defendant has insufficient contacts with the forum state to justify the court's exercise of jurisdiction over the defendant's person or property. *See Matassarin*, at *7.

### B. This court has personal jurisdiction.

Absent logical reasoning, Belay seeks to dismiss her own claims. While defendants agree this case should be dismissed with prejudice (upon other grounds), Belay incorrectly argues this court does not have jurisdiction over the parties. Belay provides no bases for her conclusory statement.[1]

Contrary to Belay's assertion, this court has personal jurisdiction over the parties. According to Belay's own allegations, this court has personal jurisdiction over defendants as each of them does (or did[2]) business in the state of Texas.[3] *See Stripling v. Jordan Prod. Co.,*

---

[1] *See generally* dkt. 16.
[2] Veriprise Processing Solution, LLC was a Nevada limited liability company. On August 28, 2015, Veriprise Processing Solution, LLC dissolved its limited liability status by filing a Certificate of Cancellation with the State of Delaware Secretary of State Division of Corporations.

*LLC*, 234 F.3d 863, 869 (5th Cir. 2000) ("When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts."). This court also has personal jurisdiction over Belay because she is a resident of Williamson County, Texas.[4] The property the subject of this lawsuit is also located in Williamson County, Texas.[5]

### C.  This court has subject matter jurisdiction.

Belay also argues incorrectly "this court does not have jurisdiction over … the subject matter."[6] Despite the lack of any state actor, she believes her lawsuit involves a constitutional question of law—"whether this Court has the authority to confiscate land in the State of Texas"—and this court lacks jurisdiction to determine constitutional questions.[7] Contrary to her position, there is no constitutional question of law involved because no governmental entity is attempting to confiscate Belay's property. Even Belay's own allegations assert defendants—not this Court or any government entity—are attempting to foreclose on her property.[8]

As explained in defendants' notice of removal (Dkt. 1), this court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441 because Belay alleges violations of RESPA and TILA.[9] *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (under the "well-pleaded complaint rule," federal question removal is appropriate "when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). This court has supplemental jurisdiction

---

[3] *See* Dkt. 9 at p. 2-3.  MERS does not do business in Texas, nor does it have a registered agent in Texas.  To the extent this court has personal jurisdiction over MERS, it results from MERS being properly served with process or MERS waiving proper service.
[4] *See* Dkt. 9 at p. 2.
[5] *See* Dkt. 9 at p. 1.
[6] Dkt. 16. at p. 2.
[7] *Id*.
[8] *See* Dkt. 9 at ¶¶ 41-60.
[9] *See* Dkt. 9 at ¶¶ 119-132.

over remaining state law claims, if any, because they "form part of the same case or controversy." 28 U.S.C. § 1367(a).

### III.   CONCLUSION

Belay's motion to dismiss has no merit and should be denied in its entirety.

Dated: October 11, 2017                              Respectfully submitted,

       */s/ Andrew D. Thomas*
Andrew D. Thomas, SBN: 24060714
C. Charles Townsend, SBN: 24028053
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339
andrew.thomas@akerman.com
charles.townsend@akerman.com

Monica Summers, SBN: 24083594
AKERMAN LLP
112 E. Pecan Street, Suite 2750
San Antonio, Texas 78205
Telephone: 210.582.0220
Facsimile: 210.582.0231
monica.summers@akerman.com

**ATTORNEYS FOR DEFENDANTS NATIONSTAR MORTGAGE LLC, VERIPRISE PROCESSING SOLUTION, LLC, AURORA LOAN SERVICES, LLC, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2017, a true and correct copy of the foregoing was served as follows:

| | |
|---|---|
| **VIA REGULAR U.S. MAIL AND CERTIFIED MAIL / RRR NO. 7014 2120 0001 4390 5384** <br> Nesanet Belay <br> 15352 English River Loop <br> Leander, Texas 78641 <br><br> *Pro Se* | **VIA REGULAR U.S. MAIL AND CERTIFIED MAIL / RRR NO. 7014 2120 0001 4390 5377** <br> Nesanet G. Belay <br> P.O. Box 301955 <br> Austin, Texas 78705 <br><br> *Pro Se* |

                                                    */s/ Monica Summers*
                                                    Monica Summers