IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| NESANET G. BELAY § | |
|     Plaintiff, § | |
| V. § | |
| § | |
| AEGIS WHOLESALE CORPORATION, § | A-17-CV-545-LY-ML |
| AURORA LOAN SERVICES, LLC, § | |
| NATIONSTAR MORTGAGE LLC, § | |
| MORTGAGE ELECTRONIC § | |
| REGISTRATION SYSTEMS, INC., § | |
| VERIPRISE PROCESSING SOLUTION, § | |
| LLC, § | |
|     Defendants. § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE:

Before the court are Defendants Nationstar Mortgage LLC ("Nationstar"), Veriprise Processing Solution, LLC ("Veriprise"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Aurora Loan Services, LLC's ("Aurora") (collectively Defendants) Motion to Dismiss (Dkt. #11); and Plaintiff's Motion to Disallow Defendants' Motions to Dismiss Pursuant to FRCP 12(b)(6) and Motion to Dismiss for Lack of Jurisdiction (Dkt. #16); and all related briefing.[1]

**I. BACKGROUND**

This suit concerns Plaintiff Nesanet G. Belay's ("Belay") real property located at 15352 English River Loop, Leander, TX 78641 (the "Property"). Dkt. #9, First Amended Complaint ("FAC"). Belay entered into a $128,000.00 mortgage loan secured by the Property. FAC at ¶

---

[1] All pending and future motions in the above-styled cause have been referred to the undersigned by United States District Judge, Lee Yeakel, for resolution pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

15. The note was secured by a Frist Trust Deed on the Property in favor of Aegis Wholesale Corporation ("Aegis"). *Id*. Belay alleges that her mortgage was assigned to a trust that is governed by a Pooling and Servicing Agreement ("PSA"), the assignments of her mortgage to Defendants violated the PSA and are thus invalid, and therefore Defendants' attempts to foreclose on her home are fraudulent. Belay also contends she would not have entered into the loan if she had known about defendants' wrongful conduct. Belay alleges that on or about May 1, 2011 she became aware of the assignment to Aurora Loan Services. FAC at ¶ 139.

Belay asserts eleven causes of action in her FAC: (1) None of the Defendants has Standing to Foreclose; (2) Fraud in the Concealment; (3) Fraud in the Inducement; (4) Intentional Infliction of Emotional Distress ("IIED"); (5) Slander of Title; (6) Quiet Title; (7) Declaratory Relief; (8) Violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*; (9) Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. (cited as 1 U.S.C. § 2601 in FAC at ¶ 25); (10) Recission [sic]; and (11) Presentment.

Belay originally brought suit in state court, and Defendants removed the case to this court under federal question jurisdiction based on Belay's TILA and RESPA claims. On August 1, 2017, after the case was removed, Belay filed a First Amended Complaint ("FAC"). Dkt. #9.[2] In addition to Defendants, Belay also named Aegis as a defendant in both her original Complaint and her FAC, however there is no record that Aegis has been served.

Defendants move to dismiss Belay's claims, arguing the facts recited in her FAC are parroted from an Internet form, which contrives the involvement of a "trust" and invents requirements imposed by a PSA, Belay's claims are inadequately pleaded, some claims are

---

[2] Belay states she attempted to file the FAC in state court because she was not notified of the removal. Dkt. #9.

barred by the statute of limitations, and some claims are legally flawed. Dkt. #11. Defendants also note that she has filed two previous lawsuits and three bankruptcies to avoid foreclosure.[3]

In response, Belay moves to dismiss her claims because "this matter has been a nightmare for the Plaintiff." Dkt. #16 at 1. She asserts that since removal she has not received notice of filings in this case. She also disputes that the court has "authority to confiscate land in the State of Texas" and questions the court's jurisdiction. *Id*. at 2. She argues "the court has no other option than to dismiss the case for lack of jurisdiction, with prejudice."[4] *Id.* at 3, 5. She also argues that she "cannot be forced into a new contract with a third party, the assignees, certainly not without full disclosure and agreement." *Id*. at 5.

Defendants agree the case should be dismissed with prejudice, but oppose Belay's motion to dismiss because it is premised on the court's alleged lack of jurisdiction. As jurisdiction is necessary in every case, the court will address that issue first.

## II.    BELAY'S MOTION TO DISMISS

In a single sentence, Belay states the court lacks jurisdiction over the parties. Dkt. #16 at 2. She provides no basis for this statement. Defendants have submitted to the personal jurisdiction of this court. *See* Notice of Removal (Dkt. #1); FED. R. CIV. P. 12(h)(1). Belay resides within the District and the Division and has made no showing whatsoever that she should not be subject to the personal jurisdiction of the court.

---

[3] Dkt. #9 at 1 citing *Nesanet G. Belay v. Aegis Wholesale Corp., et al.*, Case No. 14-0601-C26 in the 26th Judicial District Court of Williamson County, Texas (filed on June 27, 2014 and nonsuited with prejudice on August 15, 2014); *Nesanet Belay v. Nationstar Mortgage, LLC, et al.*, Case No. 14-1067-C277 in the 277th Judicial District Court of Williamson County, Texas (filed on November 10, 2014, removed and thereafter styled *Nesanet Belay v. Nationstar Mortgage, LLC*, 1:14-cv-01115-LY (W.D. Tex.) and later dismissed upon Belay's notice of dismissal without prejudiced filed on June 6, 2015); I*n re Nesanet G. Belay*, Case No. 13-11492-HEM (Bankr. W. D. Tex. 2013) (filed August 5, 2013, Discharged January 17, 2014); *In re Nesanet G. Belay*, Case No. 14-11030-TMD (Bankr. W. D. Tex. 2014) (filed June 30, 2014 dismissed September 8, 2014); *In re Nesanet G. Belay*, Case No. 14-11771 (Bankr. W. D. Tex. 2014) (filed December 2, 2014; dismissed March 24, 2017).

[4] The court notes that if it does not have jurisdiction, it cannot dismiss claims with prejudice.

Despite Belay's rhetorical questions concerning subject matter jurisdiction, which are not based in the law, the court does have subject matter jurisdiction over this suit. A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). A federal court has jurisdiction if a case "arises under the Constitution, treaties or laws of the United States" ("federal question jurisdiction"). 28 U.S.C. § 1331. Belay's Original Complaint, filed in state court, and her Amended Complaint, filed here, both assert claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq., which are laws of the United States. Additionally, the court has supplemental jurisdiction over Belay's state law claims because they "are so related to [the federal question claims] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Accordingly, the court has jurisdiction over the subject matter of this case. Belay's motion to dismiss (Dkt. #16) should be denied.

### III.    DEFENDANTS' MOTION TO DISMISS

Defendants move to dismiss all of Belay's claims on multiple grounds, including that her claims are insufficiently pleaded under *Iqbal* and *Twombly* and Rule 9(b); several claims are barred by the statute of limitations; she was not a party to the alleged PSA and therefore cannot assert that it voids the assignments; and several claims are based on legally flawed theories.

Belay's response to Defendants' 26 page motion is a mere 5 pages, most of which she spends contesting the court's jurisdiction. Belay first complains that she has not received service of some of the filings in this case. The court notes that several of the court's previous attempts to send correspondence to the addresses provided by Belay were returned as undeliverable. The court also notes that Belay's response references Defendants' arguments and thus she did receive notice of Defendants' motion. *See* Dkt. #16 at 3; *see* also Dkt. #17-1.

Belay continues to assert that her loan became a part of a trust, her loan was assigned without her knowledge or agreement, she "cannot be forced into a new contract with a third party, the assignees, certainly not without full disclosure and agreement," and she "has a constitutional right to reject becoming a party to a contract through the act of another person, the lender." Dkt. #16 at 5. Notably, Belay does not further elaborate her claims where Defendants argued they lacked the necessary specificity, she does not dispute the applicable statute of limitations or argue grounds to toll the limitations, nor does she explain why she has standing to bring claims based on violations of PSA to which she was not a party.

Accordingly, Belay has failed to defend her claims against the dismissal sought by Defendants. The undersigned will recommend that the FAC be dismissed with prejudice for all of the reasons stated in Defendants' motion, but addresses a few points below in greater detail.

### A. Standard of Review

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009). When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Rule 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter,

accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. This plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). While "particularity" varies with the circumstances of each case, Rule 9(b) generally requires specificity of the time, place, contents, and the identity of the person making false representations. *Benchmark Elecs. v. J.M. Huber Corp*., 343 F.3d 719, 724 (5th Cir. 2003).

### B. Truth in Lending Act Claim

Citing the entire statute, 15 U.S.C. § 1601 *et seq.*, Belay claims Defendants violated the Truth in Lending Act ("TILA") by failing to prover her with accurate material disclosures and

advise her of the pros and cons of adjustable rate mortgages. She contends the statute of limitations was tolled due to Defendants' failure to effectively provide the disclosures and notices. FAC at ¶¶ 120-121. Defendants argue her claim is inadequately pleaded and barred by the statute of limitations.

TILA provides for a one or three year statute of limitations, depending on which section was violated, from the date of the "occurrence of the violation." 15 U.S.C. § 1640(e). Belay does not state the particular TILA section that was violated, only that "Defendants violated TILA by failing to provide Borrower with accurate material disclosures required under TILA" and by failing to inform her of and offer her other loan products. FAC at ¶ 120. She alleges she entered into the loan at issue on January 27, 2005. FAC at ¶ 15. Although she alleges the statute of limitations was tolled "due to Defendant's [sic] failure to effectively provide the required disclosures and notices," *see* FAC at ¶ 121, that is not how the statute is written and she provides no facts that support any claim for equitable tolling. Moreover, she does not state what "material disclosures required under TILA" were not provided, what particular provision of TILA was violated, nor that the violation was "apparent on the face of the disclosure statement," a statutory requirement for any defendant other than Aegis (the original lender) to be held liable. *See* 15 U.S.C. § 1641(a). Belay has failed to plead "enough facts to state a claim to relief that is plausible on its face" and not time barred. *Twombly*, 550 U.S. 555-57, 570 (requiring more than "naked assertion[s]" devoid of "further factual enhancement").

### C. Real Estate Settlement Procedures Act Claim

Again, citing no specific provision of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, Belay alleges that Defendants violated RESPA by failing to disclose that they would gain a financial benefit from her loan and "the payments between the

7

Defendants were misleading and designed to create a windfall." FAC at ¶¶ 129, 131. Defendants contend Belay has failed plead sufficient facts and her claim is time barred.

Similar to TILA, RESPA provides a one or three year statute of limitation from the "date of the occurrence of the violation" depending on the provision violated. 12 U.S.C. § 2614. Belay complains of violations that allegedly happened in 2005, and she states no facts that support equitable tolling. FAC at ¶¶ 15, 126-132. Belay has also failed to plead any facts that demonstrate the moving Defendants are liable for any alleged violations by Aegis. Accordingly, Belay has failed to plead "enough facts to state a claim to relief that is plausible on its face" and not time barred. *Twombly*, 550 U.S. 555-57, 570 (requiring more than "naked assertion[s]" devoid of "further factual enhancement").

### D. Fraud Claims

Belay brings claims for fraudulent inducement and fraudulent concealment. Belay contends Defendants fraudulently concealed the fact that her loan would be securitized, FAC at ¶¶ 61-69, and "Defendants' failure to disclose the material terms of the transaction induced [her] to enter into the loan and accept the Services alleged herein," FAC ¶ 73. Belay obtained the loan in 2005. FAC at ¶ 15. Fraud has a four year statute of limitations in Texas. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4). Belay has pleaded no facts that support tolling the statute of limitations. Accordingly, the claims are time barred.

### E. Fraudulent Inducement, Intentional Infliction of Emotional Distress, Slander of Title, Declaratory Judgment, and Quiet Title Claims

Defendants move to dismiss these claims because they are all predicated on Belay's assertion that the PSA prevents the assignments of the note. FAC at ¶¶ 71-72 (fraudulent inducement), ¶¶ 81-82 (IIED), ¶¶ 90-91 (slander of title), ¶¶ 98-102 (quiet title), ¶¶ 110-118 (declaratory relief). Belay has pleaded no facts demonstrating that she was a party to the PSA or

that she was an intended third-party beneficiary to the agreement. The law is clear that, as neither a party nor a third-party beneficiary, Belay does not have standing to challenge the transfer of a note in violation of the terms of the PSA. *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013); *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228-29 (5th Cir. 2013). Furthermore, even assuming that Belay was a third-party beneficiary, the fact that the assignments violated the PSA—a separate contract—would not render the assignments void, but merely enable Belay to sue for breach of the PSA. *Reinagel*, 735 F.3d at 228. Accordingly, these claims fail as a matter of law.

Defendants also contend these claims fail to the extent they rely on Belay's assertion that only the holder of the note can foreclose the deed of trust. *See* FAC at ¶¶ 43, 54, 57, ¶¶ 71-72 (fraudulent inducement), ¶¶ 81-82 (IIED), ¶¶ 90-91 (slander of title), ¶¶ 98-102 (quiet title). This argument reflects the "split the note" and "show me the note" theories, which the Fifth Circuit has rejected. *Martins v. BAC Home Loans Servicing*, 722 F.3d 249, 255–56 (5th Cir. 2013) (finding the "weight of Texas authority" suggests "a mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure"); *see also Morlock, L.L.C. v, Bank of N.Y.*, 448 S.W.3d 514, 518–19 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (finding the defendant, by virtue of the chain of assignment of the deed of trust, established its authority as owner of the deed of trust, and thus had authority to foreclose regardless of whether it was also a holder or owner of the note); TEX. PROP. CODE § 51.002(a)-(h) (listing foreclosure requirements that do not include note possession), § 51.0025 (listing requirements for a mortgage servicer to administer a foreclosure). Accordingly, these claims also fail on this basis.

## F. Rescission

Belay's tenth cause of action is for "recission." FAC at ¶¶ 133-137. However, "[r]escission is an equitable remedy that operates to set aside a contract that is legally valid but is marred by fraud, mistake, or for some other reason, the court must set it aside to avoid unjust enrichment." *Humphrey v. Camelot Ret. Cmty.*, 893 S.W.2d 55, 59 (Tex. App.—Corpus Christi 1994). "Rescission works to avoid the contract, return any consideration paid, and to return the parties to their respective positions as if no contract had ever existed." *Id*. The decision whether to grant rescission lies within the trial court's sound discretion. *Id*.

Belay has not pleaded facts that, if proven, would entitle her to this remedy. She contends she is entitled to rescission for Defendants' alleged TILA violations, failure to provide a Mortgage Loan Origination Agreement, fraudulent concealment and inducement, failure to abide by the PSA, making illegal or fraudulent transfer of the note and deed of trust, and public policy grounds. FAC at ¶ 134. However, as Belay concedes, *see* FAC at ¶ 135, the TILA only allows rescission for up to three years after the transaction. 15 U.S.C. § 1635(f). Moreover, the right is not available in residential mortgage transactions. *Id*. at § 1635(e)(1). Belay's other bases for rescission are equally unavailing for the reasons given above as to why those claims should be dismissed. Most importantly, Belay has not pleaded facts that demonstrate Defendants were unjustly enriched at her expense by her entering into the loan that she apparently defaulted on or that she is prepared to return the loan money she received.

## G. Lack of Standing to Foreclose

Belay also asserts a claim that Defendants lack standing to foreclose based on the other claims she has asserted. As the court has examined those claims and found they should be dismissed with prejudice, the court recommends the same for this claim. Additionally, Belay's

lack of standing claim fails to the extent it is premised on her "split the note" theory, as discussed above. *See* FAC at ¶¶ 110-118 (declaratory relief).

## IV. DEFENDANT AEGIS AND THE PRESENTMENT CLAIM

Defendants' motion does not address Belay's presentment claim. That claim appears to only be asserted against Aegis. Belay states that she made payments to Aegis until 2016, and in 2011 she became aware that MERS had assigned the mortgage contract to Aurora, but Aurora did not lend her the money. FAC at ¶¶ 138-139. She alleges Aegis used false representations to influence her to enter the contract, which she relied upon in pledging the security interest in the Note to Aegis. FAC at ¶¶ 140-141.

There is no record that Aegis was ever served in this case. "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). However, this claim appears on its face to have accrued in 2005, *see* FAC at ¶ 15, or at the very latest in 2011, *see* FAC ¶ 139, and is therefore barred by the statute of limitations. Belay has pleaded no facts that the claim should be tolled or that more than a four-year statute of limitation applies. Accordingly, the undersigned will recommend that this claim be dismissed with prejudice.

## V. RECOMMENDATIONS

For the reasons given above, the undersigned **RECOMMENDS** the District Court **GRANT** Defendants' Motion to Dismiss (Dkt. #11) and **DISMISS WITH PREJUDICE** Plaintiff's First Amended Complaint as all claims either fail as a matter of law or are time barred. The undersigned **RECOMMENDS** Plaintiff's Motion to Disallow Defendants' Motions to

Dismiss Pursuant to FRCP 12(b)(6) and Motion to Dismiss for Lack of Jurisdiction (Dkt. #16) be **DENIED**.

### VI. SERVICE OF THIS REPORT AND RECOMMENDATION

The undersigned directs the Clerk's Office to mail a copy of this Report and Recommendation by regular mail and by Certified Mail Return Receipt Requested to Plaintiff at the following addresses she has provided to the court: P.O. Box 301955 Austin, Texas 78705 and 15352 English River Loop Leander, Teas 78641.

The referral of this case to the Magistrate Court should now be cancelled.

### VII. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED January 26, 2018.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE