IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS AUSTIN DIVISION

| | | |
|---|---|---|
| NESANET G. BELAY | § | |
|     Plaintiff, | § | |
| V. | § | |
| | § | |
| AEGIS WHOLESALE CORPORATION, | § | A-17-CV-545-LY-ML |
| AURORA LOAN SERVICES, LLC, | § | |
| NATIONSTAR MORTGAGE LLC, | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC., | § | |
| VERIPRISE PROCESSING SOLUTION, | § | |
| LLC, | § | |
|     Defendants. | § | |

PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

PROCEDURAL HISTORY

Plaintiff Nesanet G. Belay's ("Belay") brought suit concerning her real property located at 15352 English River Loop, Leander, TX 78641 (the "Property"). Dkt. #9, First Amended Complaint ("FAC"). Belay entered into a $128,000.00 mortgage loan secured by the Property. FAC at 15.

The note was secured by a Frist Trust Deed on the Property in favor of Aegis Wholesale Corporation ("Aegis"). Id. Belay alleges in one form or another that the Defendants made fraudulent attempts to foreclose on her Property in that the parties that did so did not have standing because of violation of a Pooling and Servicing Agreement ("PSA"), and because the chain of title was broken by invalid and fraudulent assignments by Mortgage Electronic Registration Systems, Inc. ('MERS').

Among other causes of action, Belay sued to Quiet Title; for Declaratory Relief; for Violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq.; and for Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. (cited as 1 U.S.C. § 2601 in FAC at ¶ 25.

Belay originally brought suit in state court, and Defendants removed the case to this court under federal question jurisdiction based on Belay's TILA and RESPA claims.

On August 1, 2017, after the case was removed, Belay filed a First Amended Complaint ("FAC"). Dkt. #9.2  In addition to Defendants, Belay also named Aegis as a defendant in both her original Complaint and her FAC. However, Aegis has apparently not been served.

Defendants have moved to dismiss Belay's claims, arguing the facts recited in her FAC are parroted from an Internet form, which contrives the involvement of a "trust" and invents requirements imposed by a PSA, Belay's claims are inadequately pleaded, some claims are barred by the statute of limitations, and some claims are legally flawed. Dkt. #11.

Belay asserts that since removal she has not received notice of filings in this case. She seeks now to file another Amended Complaint which states the illegality against her with respect to these Defendants with more particularlity.

On January 26, 2018 Magistrate Judge Yeakel issued a 12-page Report and Recommendation ('RR') which recommended "the District Court he grant the motions to dismiss, and dismiss with prejudice" Plaintiff files and serves these objections, and was notified by the Court that she had until March 1, 2018 to file these objections.

## ENUMERATED OBJECTIONS

**1. The Lawsuit should not be dismissed with prejudice, but rather, Belay be given one more opportunity to amend her Complaint.**

Belay contends the complaint is legally sufficient. Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In ruling on a motion to dismiss under Rule 12, the court analyzes the complaint and takes "all allegations of material fact as true and construe(s) them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). " The factual allegations must be definite enough to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. However, a complaint does not need detailed factual allegations to survive dismissal. *Id.* Rather,

3

a complaint need only include enough facts to state a claim that is "plausible on its face." *Id.* at 570. That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Id.* at 545 (noting that this requirement is consistent with Fed. R. Civ. P. 8(a)(2), which requires that the pleadings demonstrate that "the pleader is entitled to relief"). See *Baldoza v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 34323, 19-21 (N.D. Cal. Mar. 12, 2013).

Rather than adduce a prima facie claim in the complaint itself — before discovery, often necessary to uncover a trail of evidence regarding the defendants' intent in undertaking allegedly illegal action, has taken place — a plaintiff need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting Conley, 355 U.S. at 47, 78 S.Ct. 99). **The prima facie case is "an evidentiary standard, not a pleading requirement**. (emphasis added)" *Id.* at 510, 122 S.Ct. 992. Failure to adduce it may result in a later loss at summary judgment, but failure to plead it does not support dismissal at the outset. *Id.* at 510, 514, 122 S.Ct. 992.

To dismiss his case at this point would be to fail to construe Plaintiff's pleadings liberally as a pro se litigant, which law and rule the Supreme Court of the United States, and all twelve federal jurisdictions embrace. *Haines v Kerner*, 404 U.S. 519 (1972); *Roberts v. Wainwright*, 666 F 2d 517, 519 (11th Cir. 1982); *Loe v Armistead*, 582 F 2d 1291, 1295 (4th Cir. 1978); *Alley v Dodge Hotel*, 501 F 2d 880, 883 (D.C. Cir. 1974); *Guerro v Mulhearn*, 498 F.2d 1249, 1256 (1st Cir. 1974); *Cruz v Cardwell*, 486 F 2d 550, 552 (8th Cir. 1973); *Bryant v Harris*, 465 F 2d 365, 366 (7th Cir. 1972); *Corby v Conboy*, 457 F 2d 251, 253 (2d Cir. 1972); *Hoggro v Pontesso*, 456 F.2d 917, 918 (10th Cir. 1972); *McElroy v Swan*, 457 F.2d 1303, 1304 (6th Cir. 1972); *Neal v Georgia*, 469 F 2d 446, 448 (5th Cir. 1972); *Turack v Guido*, 464 F 2d 535, 536 (3d Cir. 1972); *Villarreal v United States*, 461 F 2d 765, 768 (9th Cir. 1972).

Belay has filed a 36-page First Amended Complaint with various causes of action alleging facts that show her as the debtor on a Promissory Note secured by a Deed of Trust, and she restates again the facts alleged in her 36 pages. The security for the debt is assigned under circumstances that make the assignment and the various reassignments void, and the substitutions of the various trustees on the Deed void, and leave the original Promissory Note lost in a sea of hocus pocus. After Plaintiff fell behind on payments and made a valid tender to catch up, she is told she can modify his mortgage, only to have another entity who was not legally authorized to conduct a nonjudicial foreclosure proceed to do so in her case. Plaintiff seeks to quiet title, damages, and various other legal and equitable remedies. Her claims under the circumstances are plausible on their face, especially given the history of the banking and finance industry, and should not be dismissed.

Belay seeks more time to file a Second Amended Complaint, after Motion for Leave to Amend, and objects to the report and recommendation.

DATED: February 28, 2018

Respectfully submitted,

*/s/ Nesanet G. Belay*
Nesanet G. Belay
Plaintiff
15352 English River Loop
Leander, TX  78641